## BLUMENFELD v. VIELE, BLACKWELL & BUCK.

(Circuit Court of Appeals, Fifth Circuit. October 31, 1925.)

No. 4662.

1. **Trial ⬩⬩⬩199—Instruction charging that certain telegrams constituted contract of themselves, and leaving to jury whether such contract had been abrogated or altered by subsequent correspondence, not erroneous.**

In seller's action for breach of contract, where contract was by correspondence and dispute arose as to conditions inserted by seller in written agreement purporting to embody such contract, *held*, that court did not err in charging jury that, if there had been nothing but telegrams, there would have been a binding contract, and left to jury whether there had been alterations or abrogation of such contract by subsequent correspondence.

2. **Sales ⬩⬩⬩182(1)—Directed verdict properly refused, where seller promptly purchased goods to fill order, shipped according to terms, and promptly sold goods to minimize loss on defendant's refusal thereof.**

In seller's action for breach of contract, defendant's motion for a directed verdict *held* properly refused, where it was shown that plaintiff had promptly purchased goods with which to fill order, shipment was made in conformity with terms of sale, and plaintiff promptly resold goods at market price to minimize loss, after defendant declined to accept delivery.

In Error to the District Court of the United States for the Southern District of Georgia; William H. Barrett, Judge.

Action by Viele, Blackwell & Buck against Moses Blumenfeld, trading as the Savannah Bag Company. Judgment for plaintiff, and defendant brings error. Affirmed.

F. P. McIntire and Thomas F. Walsh, both of Savannah, Ga. (Morris H. Bernstein, of Savannah, Ga., on the brief), for plaintiff in error.

Wm. B. Stephens and David C. Barrow, both of Savannah, Ga., for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. This is a suit to recover damages for breach of a contract of sale. The parties will be referred to in their reverse positions as they appeared in the District Court. There is no dispute as to the following facts:

By means of letters and telegrams a contract of sale was entered into by which plaintiff agreed to sell to defendant 150 bales (300,000 yards) 40-inch, 10½-ounce, standard Calcutta burlap at 10.10 cents per yard, f. o. b. New York, delivered to the Savannah Line, sight draft against bill of lading, shipment 50 bales each month, October, November, December, from Calcutta. After the bargain was concluded, plaintiff signed and mailed to defendant a form of contract in duplicate, embodying the agreement above set out, which conformed precisely to the provisions of the correspondence. On the back of the form, however, were certain conditions of sale relative to strikes, force majeure, and other possible occurrences that might delay or prevent delivery. The defendant struck out the provisions on the face of the contract referring to the conditions printed on the back, also struck out all of the provisions on the back, signed one of the documents, and returned it to plain-

tiff, retaining the duplicate in his own possession. Then followed an exchange of letters. Defendant insisted that he would not consent to any conditions at all, other than embodied in the offer and acceptance, and finally plaintiff terminated the correspondence as to this phase of the case by a letter of October 19, 1920, as follows:

"We acknowledge your favor of October 16th, and it is not our intention to enter a long controversy on this matter, and we will therefore not say anything more about it, as we cannot lead you to, see our side of it. As stated in our letter of October 13th, all contracts covering future shipment that we have ever had any experience with cover late shipments caused by acts of Providence, and whereas we could not include all such understandings in our telegram, you are the first bag house we have yet sold to who refused to allow any conditions of sale whatsoever to govern the contract."

Thereafter plaintiff advised defendant successively by letters that the October and November portions of 50 bales each had been shipped from Calcutta, and would be forwarded to Savannah, to which defendant answered that he would not accept and pay for the burlap, for the reason that plaintiff had refused to enter into the contract and carry out the terms of the original trade. Plaintiff then elected to treat the contract as breached, and sold the 150 bales of burlap on hand, 100 bales at 5 cents per yard, and 50 bales at 5¼ cents per yard, and in due course suit was entered to recover the difference between the contract price and the market price at which the goods were resold by plaintiff. At the close of the evidence defendant moved for a verdict, which motion was denied. The case then went to the jury, and resulted in a verdict in favor of plaintiff for $15,000, on which judgment was entered.

[1] Error is assigned to the refusal of the court to direct a verdict in defendant's favor and to certain parts of the judge's charge. The court charged the jury in substance that, if there had been nothing but the telegrams, there would have been a binding contract, and, considering the interpretation of the succeeding correspondence to be a question for the jury, left it to them to say whether the contract had been altered or abrogated thereby. In this there was no error of which defendant could complain. The other objections to the charge are equally without merit.

[2] Considering the motion to direct a verdict, it is unnecessary to discuss the evidence, except to say there was sufficient to show that plaintiff had promptly purchased the goods with which to fill the order, that shipment was made from Calcutta in conformity to the terms of sale, and that plaintiff promptly sold them at the market price to minimize loss after defendant declined to accept delivery. The motion to direct a verdict was properly refused.

Affirmed.